FILED
OCT 1 5 2013
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

CARL C. JACKSON, )
)
Petitioner, )
)
vs. ) No. CIV-12-702-W
)
TERRY MARTIN, Warden, )
)
Respondent.[1] )

## ORDER

On August 14, 2013, United States Magistrate Judge Suzanne Mitchell issued a Report and Recommendation in this matter and recommended that the Court deny the Petition for a Writ of Habeas Corpus ("Petition") filed by petitioner Carl C. Jackson pursuant to title 28, section 2254 of the United States Code. Jackson was advised of his right to object, and the matter now comes before the Court on Jackson's Objection to Magistrate's Report and Recommendation [Doc. 21].

In September 2007, Jackson was convicted of first degree murder in the District Court for Oklahoma County, Oklahoma. State v. Jackson, No. CF-2006-3325. The jury recommended life imprisonment with the possibility of parole, and in November 2007, Jackson was sentenced in accordance with the jury's verdict. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed. Jackson v. State, No. F-2009-638 (Okla. Crim. December 13, 2010).

---

[1]Although the Attorney General of the State of Oklahoma is identified on page one of the Petition for a Writ of Habeas Corpus, see Doc. 1, and listed as a respondent in the records of the Clerk of the Court, the state officer having custody of the petitioner is the only proper respondent. See Rule 2, Rules Governing Section 2254 Cases in the United States District Courts. Accordingly, the Attorney General of the State of Oklahoma is DISMISSED as a respondent.

Jackson then sought post-conviction relief arguing among other things that he had been denied effective assistance of appellate and trial counsel in violation of the sixth amendment to the United States Constitution. The state district court denied Jackson relief, Jackson v. State, No. CF-06-3325 (January 24, 2012), and the OCCA again affirmed. Jackson v. State, No. PC-2012-138 (Okla. Crim. April 12, 2012).

As to Jackson's post-conviction claim of ineffective assistance of appellate counsel, the OCCA, citing Strickland v. Washington, 466 U.S. 688 (1984), found "nothing in th[e] record indicating that Jackson's appellate counsel was ineffective, or that [Jackson]...was not properly represented on direct appeal." Jackson, No. PC-2012-138, slip op. at 3. The OCCA concluded that "Jackson ha[d] failed to show that his representation on direct appeal was deficient, and that the result in his case would have been different but for counsel's error." Id. (citing Williams v. Taylor, 529 U.S. 362 (2000).

Because Jackson's ineffective assistance of counsel claims were presented to, and denied by, the OCCA, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") permits this Court to grant habeas relief on these same claims only if the OCCA's adjudication was either "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the [United States] Supreme Court . . . ," 28 U.S.C. § 2254(d)(1), or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. § 2254(d)(2).

The Court's review under AEDPA is deferential, e.g., Aycox v. Lytle, 196 F.3d 1174, 1178 (10th Cir. 1999), and Jackson is entitled to federal habeas relief only if he has demonstrated that the OCCA's decision "was 'legally or factually unreasonable.'" Gipson

2

v. Jordan, 376 F.3d 1193, 1197-98 (10th Cir. 2004)(quoting Aycox, 196 F.3d at 1178).

Upon de novo review of the instant record and after applying the foregoing standards to Jackson's Petition, the Court concurs with Magistrate Judge Mitchell's suggestion that the OCCA's rejection of Jackson's claims of ineffective assistance of counsel was not contrary to, and did not involve an unreasonable application of, clearly-established Supreme Court precedent. Accordingly, Jackson is not entitled to relief on these claims.

The Court has also considered Jackson's claim that cumulative error deprived him of a fundamentally fair trial as guaranteed by the fourteenth amendment to the United States Constitution.[2] "'In the federal habeas context, the only otherwise harmless errors that can be aggregated are federal constitutional errors, and such errors will suffice to permit relief under cumulative error doctrine "only when the constitutional errors committed in the state court trial so fatally infected the trial that they violated the trial's fundamental fairness."'" Littlejohn v. Trammell, 704 F.3d 817, 868 (10th Cir. 2013)(quoting Matthews v. Workman, 577 F.3d 1175, 1195 n.10 (10th Cir. 2009)(quoting Young v. Sirmons, 551 F.3d 942, 972 (10th Cir. 2008))); e.g., Grant v. Trammell, 727 F.3d 1006, 1025 (10th Cir. 2013).

As Magistrate Judge Mitchell found, Jackson failed to show two or more constitutional errors; Jackson has therefore failed to show that he is entitled to relief under the cumulative error doctrine.

---

[2] While Jackson "object[ed] in full to the . . . [R]eport and [R]ecommendation," Doc. 21 at 7, he advanced no specific objections to Magistrate Judge Mitchell's findings and recommendation with regard to this claim for relief.

3

Accordingly, the Court

(1) ADOPTS the Report and Recommendation [Doc. 20] issued on August 14, 2013;

(2) DENIES Jackson's Petition file-stamped June 21, 2012; and

(3) ORDERS that judgment in favor of respondent Terry Martin, Warden, issue forthwith.

ENTERED this 15th day of October, 2013.

LEE R. WEST
UNITED STATES DISTRICT JUDGE